1

```
1                 UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK
2
    - - - - - - - - - - - -   X
3
   UNITED STATES OF AMERICA,   :   20-CR-365(MKB)
4
           Plaintiff,          :
5                                  United States Courthouse
       -against-               :   Brooklyn, New York
6
   J&F INVESTIMENTOS SA,        :
7                                  October 14, 2020
           Defendant.          :   10:30 o'clock a.m.
8
    - - - - - - - - - - - -   X
9
              TRANSCRIPT OF PLEADING BY VIDEOCONFERENCE
10            BEFORE THE HONORABLE MARGO K. BRODIE
                  UNITED STATES DISTRICT JUDGE.
11
   APPEARANCES:
12
   For the Government:          SETH D. DuCHARME
13                              Acting United States Attorney
                                BY: DAVID GOPSTEIN
14                              Assistant United States Attorney
                                271 Cadman Plaza East
15                              Brooklyn, New York

16                              U.S. DEPARTMENT OF JUSTICE
                                Criminal Division - Fraud Section
17                              BY:  MICHAEL HARPER
                                     JOSEPH McFARLANE
18
19 For the Defendant:          QUINN EMANUEL URQUHART & SULLIVAN
                                1301 I Street, N.W.
20                              Washington, D.C.  20005

21                              BY: BEN A. O'NEIL, ESQ.

22
   Court Reporter:             Charleane M. Heading
23                             225 Cadman Plaza East
                               Brooklyn, New York
24                             (718) 613-2643

25 Proceedings recorded by mechanical stenography, transcript
   produced by computer-aided transcription.
```

2

1          THE CLERK:  Criminal cause for pleading, docket

2    number 20-CR-365.

3          As a reminder to everyone on the line, persons

4    granted access to proceedings are reminded of the general

5    prohibit against photographing, recording and rebroadcasting

6    of court proceedings.  Violation of these prohibitions may

7    result in sanctions including removal of court issued media

8    credentials, restricted entry to future hearings, denial of

9    entry to future hearings or any other sanctions deemed

10   necessary by the Court.

11         Counsel, starting with the government, please state

12   your names for the record.

13         MR. GOPSTEIN:  Good morning, Your Honor.  David

14   Gopstein for the government and I'm joined on the phone by my

15   colleagues Michael Harper and Joseph McFarlane from the Fraud

16   Section in DC.

17         THE COURT:  Good morning to all of you.

18         MR. O'NEIL:  Good morning, Your Honor.  This is Ben

19   O'Neil, Quinn Urquhart & Sullivan.  With me --

20         THE COURT:  Good morning.

21         MR. O'NEIL:  -- is a representative of my client --

22   with me is a representative of my client, Lucio Martins, who

23   is the director of legal and compliance for J&F Investimentos.

24         THE COURT:  Okay.  Good morning, Mr. O'Neil, and

25   good morning, Mr. Martins.

3

1          Mr. O'Neil, I understand that your client wishes to

2   waive indictment and plead guilty to an information.  Is that

3   correct?

4          MR. O'NEIL:  That is correct, Your Honor.

5          THE COURT:  Before I proceed today, I need to first

6   make sure that Mr. Martins, who is appearing on behalf of the

7   defendant, is an officer or authorized employee of the

8   defendant.

9          MR. MARTINS:  I am authorized.

10          MR. O'NEIL:  He is, Your Honor.

11          THE COURT:  Is the board of directors of the

12   defendant empowered to authorize him to waive indictment and

13   to enter a guilty plea to the charge in the information?

14          MR. MARTINS:  Yes, Your Honor.

15          THE COURT:  And are you authorized by a valid

16   resolution to waive indictment and enter a guilty plea to the

17   charge?

18          MR. MARTINS:  Yes, Your Honor.

19          THE COURT:  Is the defendant financially able to pay

20   a substantial fine that could be imposed for the charge to

21   which it is seeking to plead guilty?

22          MR. MARTINS:  Yes, Your Honor.

23          THE COURT:  Okay.  I am satisfied that there is, in

24   fact, a proper representative before the Court.

25          Now, because we are proceeding by video, I need to

4

1  make certain findings on the record.

2          Pursuant to the Coronavirus Aid Relief and Economic

3  Securities Act, the CARES Act, Chief Judge Mauskopf has issued

4  an Administrative Order finding that emergency conditions due

5  to the COVID-19 virus outbreak and the need to protect public

6  health and safety continue to materially affect the

7  functioning of the courts in this district.

8          She acknowledges that while the court has begun to

9  conduct in-person proceedings, judges and court staff as well

10  as attorneys and staff of the United States Attorneys' Office

11  for the Eastern District of New York and Federal Defenders of

12  New York continue to work remotely.  She notes that these

13  conditions among others make it necessary for judges in this

14  district to continue to conduct criminal proceedings remotely

15  by videoconference or teleconference.

16          She concluded that it remains necessary to invoke

17  the provisions of the CARES Act and specifically found that

18  felony pleas under Rule 11 of the Federal Rules of Criminal

19  Procedure and felony sentences under Rule 32 of the Federal

20  Rules of Criminal Procedure cannot be conducted in person

21  without seriously jeopardizing public health and safety.

22          The parties have requested that the waiver of

23  indictment, the plea hearing and the sentencing of the

24  defendant proceed by videoconference today.

25          Under the Administrative Order, felony pleas and

CMH      OCR      RMR      CRR      FCRR

5

1    sentences may be conducted by video or telephone if the

2    defendant consents and if the judge in each individual case

3    finds for specific reasons that felony pleas or sentences in

4    those cases cannot be further delayed without serious harm to

5    the interest of justice.

6              Mr. Martins, do you consent to proceeding by video

7    today?

8              MR. MARTINS:  Yes, I do.

9              THE COURT:  I find that due to the global COVID-19

10   pandemic, a felony plea pursuant to the Federal Rules of

11   Criminal Procedure 11 and sentencing pursuant to Rule 32 of

12   the Federal Rules of Criminal Procedure cannot be conducted in

13   person without seriously jeopardizing the health and safety of

14   the public and considering the defendant's decision to waive

15   indictment, plead guilty and be sentenced, and because of the

16   nature of the plea and sentence in this case, indefinite delay

17   of the plea or sentence may result in serious harm to the

18   interest of justice.  Therefore, with defendant's consent

19   after consultation with counsel, I find that a plea hearing

20   and sentencing proceeding by videoconference is warranted in

21   this case.

22             MR. MARTINS:  Yes, Your Honor.

23             THE COURT:  Mr. Martins, your attorney advises me

24   that the defendant wishes to waive indictment and plead guilty

25   to the information in which it is charged in this case.

6

1         These are serious decisions and I must be certain

2    that the waiver of indictment and plea of guilty are being

3    made with a full understanding of the defendant's rights and

4    the consequences of those decisions.  In addition to

5    explaining the right defendant will be giving up by waiving

6    indictment and pleading guilty, there are a number of

7    questions that I must ask you as the representative of the

8    defendant to establish that the defendant is acting knowingly

9    and voluntarily.

10         Mr. Martins, if you do not understand any of my

11   questions, please say so and I will reword the question.

12         MR. MARTINS:  Yes, Your Honor.

13         THE COURT:  If at any time you would like to consult

14   with your attorney for any reason, please let me know and I

15   will give you as much time as you need to do so.

16         I do need you to answer my questions under oath and

17   so I am going to have Ms. Valentin administer the oath.

18         THE CLERK:  Please raise your right hand.

19         THE COURT:  Mr. Martins, you need to raise your

20   right hand.

21         (The defendant representative is duly sworn/affirmed

22   by the Clerk of Court under penalties of perjury.)

23         THE CLERK:  Please state your name for the record.

24         MR. MARTINS:  Yes.

25         THE COURT:  Can you state your name, Mr. Martins,

7

1    your full name.

2              MR. MARTINS:  Lucio Batista Martins.

3              THE COURT:  Counsel, does your client need an

4    interpreter or is he fluent in English?

5              MR. O'NEIL:  He's fluent in English, Your Honor.

6              THE COURT:  Thank you.

7              Mr. Martins, were you and the board of directors of

8    defendant provided a copy of the information, that is the

9    document containing the charge made against the defendant in

10   this case?

11             MR. MARTINS:  Yes, Your Honor.

12             THE COURT:  Have you and the board of directors

13   fully discussed the charge as well as the case in general with

14   your attorneys?

15             MR. MARTINS:  Yes, Your Honor.

16             THE COURT:  Does the defendant understand that it

17   has been charged with conspiracy to violate the anti-bribery

18   provisions of the Foreign Corrupt Practices Act?

19             MR. MARTINS:  Yes, it does.

20             THE COURT:  Instead of an indictment, this felony

21   charge has been brought by the filing of an information by the

22   Acting United States Attorney for the Eastern District of

23   New York and the Acting Chief of the Fraud Section of the

24   Criminal Division of the U.S. Department of Justice.

25             The defendant has a constitutional right to be

8

1   charged by an indictment returned by a grand jury but the

2   defendant can waive that right and consent to being charged by

3   information.

4           Unless the defendant waives indictment, the

5   defendant may not be charged with a felony unless a grand jury

6   finds by return of an indictment that there is probable cause

7   to believe that a crime has been committed and that the

8   defendant committed the crime.  If the defendant does not

9   waive indictment, the government must present a case to the

10  grand jury and ask the grand jury to indict the defendant in

11  order for the defendant to be charged with this felony

12  offense.

13          Do you understand?

14          MR. MARTINS:  Yes, Your Honor, we understand.

15          THE COURT:  A grand jury is comprised of at least 16

16  and not more than 23 persons and at least 12 grand jurors must

17  find that there is probable cause to believe that the

18  defendant committed the crime with which it is charged before

19  the defendant may be indicted.  The grand jury might or it

20  might not indict the defendant.  If, however, the defendant

21  waives indictment by the grand jury, the case will proceed

22  against the defendant on the information just as though

23  defendant had been indicted.

24          Mr. Martins, does defendant understand the right to

25  indictment by a grand jury?

9

1    MR. MARTINS:  Yes, Your Honor.

2    THE COURT:  Is defendant willing to waive that

3 right?

4    MR. MARTINS:  Yes.

5    THE COURT:  Have you and the board of directors

6 discussed this decision with defendant's attorney?

7    MR. MARTINS:  Yes, we had the discussion,

8 Your Honor.

9    THE COURT:  Have any threats or promises been made

10 to induce the defendant to waive its right to indictment by

11 grand jury?

12    MR. MARTINS:  No, Your Honor.

13    THE COURT:  Is defendant waiving its right to

14 indictment voluntarily and of its own free will?

15    MR. MARTINS:  Yes, Your Honor.

16    THE COURT:  Mr. O'Neil, are you aware of any reason

17 that defendant should not waive indictment?

18    MR. O'NEIL:  No, I'm not, Your Honor.

19    THE COURT:  I find that the defendant's waiver of

20 indictment is known and voluntarily made and I accept the

21 waiver.

22    Mr. Martins, would you like me to read the

23 information or do you on behalf of the defendant waive reading

24 of the information?

25    MR. MARTINS:  Your Honor, I can do it and if you

1  have any difficulty with my accent or my English, please let

2  me know.

3      THE COURT:  No, I'm asking you if you would like me

4  to read you the information.

5      MR. MARTINS:  Oh, sorry.

6      THE COURT:  Or whether you are waiving the reading

7  of the information.

8      MR. MARTINS:  Sorry.

9      THE COURT:  Your accent is perfectly fine.  I

10  understand you clearly.

11      MR. MARTINS:  Okay.  So if you can, I prefer.  Thank

12  you.

13      THE COURT:  Counsel, would you like me to read the

14  information or do you waive the reading of the information?

15      MR. O'NEIL:  So we're happy to waive reading of the

16  information.

17      THE COURT:  Okay.  Mr. Martins, have you and the

18  board of directors had sufficient time to discuss with your

19  attorneys whether or not to plead guilty?

20      MR. MARTINS:  Yes, Your Honor.

21      THE COURT:  Are you and the board of directors fully

22  satisfied with the representation, the counsel and advice

23  given to the defendant in this case by your attorneys?

24      MR. MARTINS:  Yes, Your Honor.

25      THE COURT:  Mr. O'Neil, have you discussed the

1   matter of pleading guilty with the board of directors of the

2   defendant?

3            MR. O'NEIL:  Through Mr. Martins, Your Honor.

4            THE COURT:  And does the defendant understand the

5   rights it will be waiving by pleading guilty?

6            MR. O'NEIL:  Yes, it does, Your Honor.

7            THE COURT:  Have you advised the defendant of the

8   maximum and minimum fine that could be imposed and any other

9   potential penalties including probation?

10           MR. O'NEIL:  I have, Your Honor.

11           THE COURT:  I am now going to discuss with you the

12   rights that the defendant will be waiving by pleading guilty.

13           Mr. Martins, the defendant has a right to continue

14   to plead not guilty.  No person or entity can be forced to

15   plead guilty.  If defendant persisted in its not guilty plea,

16   it would have a right under the constitution and laws of the

17   United States to a speedy and public trial by a jury.  At

18   trial, the defendant would be presumed to be innocent and the

19   government would have to prove the defendant's guilt beyond a

20   reasonable doubt.  Defendant would have the right to the

21   assistance of counsel for its defense and would have the right

22   to see and hear all witnesses and have them cross-examined in

23   its defense.  The defendant would also have the right to

24   compel the attendance of witnesses to testify in its defense.

25           Do you understand?

1     MR. MARTINS:  Yes, Your Honor, we understand.

2     THE COURT:  Should the defendant decide not to put

3  on any evidence at trial, the fact that it did not do so could

4  not be used against it at trial.  By entering a plea of guilty

5  and if I accept the defendant's plea, there will be no trial

6  and the defendant will have waived its right to a trial as

7  well as all those rights associated with a trial as I have

8  just described them.

9     Do you understand?

10     MR. MARTINS:  Yes, Your Honor.

11     THE COURT:  There will be no further trial of any

12  kind and no right of appeal from the judgment of guilty.  I

13  will simply enter a judgment of guilt on the basis of

14  defendant's guilty plea.

15     Do you understand?

16     MR. MARTINS:  Yes, Your Honor, we understand.

17     THE COURT:  If defendant pleads guilty, I will have

18  to ask you questions about what the defendant did in order to

19  satisfy myself that the defendant is, in fact, guilty of the

20  charge to which it seeks to plead guilty.

21     If you answer my questions about the offense under

22  oath on the record and in the presence of counsel, the answers

23  may later be used against you, Mr. Martins, as the

24  representative of the defendant in a prosecution for perjury

25  or false statement.

13

1          Do you understand?

2          MR. MARTINS:  Yes, Your Honor.

3          THE COURT:  Mr. Martins, does the defendant

4   understand each and every one of the rights I have explained

5   to you?

6          MR. MARTINS:  Yes, Your Honor, we understand.

7          THE COURT:  Is the defendant willing to give up its

8   right to trial and all those rights I have just discussed with

9   you?

10         MR. MARTINS:  Yes, Your Honor.

11         THE COURT:  I understand that the defendant is

12  pleading guilty pursuant to an agreement with the government.

13  I have been provided the original agreement with several

14  attachments, A through E, and I have caused it to be marked as

15  Court Exhibit 1.

16         Mr. Martins, did you sign the agreement on behalf of

17  the defendant?

18         MR. MARTINS:  Yes, Your Honor.

19         THE COURT:  And is that your signature on page 24 of

20  the agreement?

21         MR. MARTINS:  Yes, Your Honor.

22         THE COURT:  Did you and the board of directors

23  discuss the agreement with your attorney before you signed it?

24         MR. MARTINS:  We discussed it.  The board of

25  directors discussed the agreement with me and I had discussion

14

1   with my attorney.

2           THE COURT:  And did you and the board of directors

3   have sufficient time to review it with counsel?  And I

4   understand that this was done through you.

5           MR. MARTINS:  Yes, Your Honor.

6           THE COURT:  Did you have sufficient time?

7           MR. MARTINS:  Yes.

8           THE COURT:  Counsel, did you have sufficient time to

9   review the agreement with your client?

10          MR. O'NEIL:  I did, Your Honor.

11          THE COURT:  Mr. Martins, do you have any questions

12  about the agreement?

13          MR. MARTINS:  No, Your Honor.

14          THE COURT:  Does the agreement represent defendant's

15  entire understanding with the government?

16          MR. MARTINS:  Yes, Your Honor.

17          THE COURT:  Has anyone made any promise or assurance

18  that is not in the agreement to persuade the defendant to

19  accept the agreement?

20          MR. MARTINS:  No, Your Honor.

21          THE COURT:  Has anyone threatened the defendant in

22  any way to persuade it to accept the agreement?

23          MR. MARTINS:  No, Your Honor.

24          THE COURT:  Mr. O'Neil, were all formal plea offers

25  from the government conveyed to the defendant?

15

1        MR. O'NEIL:  They were, Your Honor.

2        THE COURT:  Mr. Martins, I am now going to discuss

3   the possible consequences of the plea, first, the elements of

4   the offense to which defendant seeks to plead guilty.

5        On pages 2 to 3 of the agreement, it details the

6   elements of the offense of conspiracy to violate the

7   anti-bribery provisions of the Foreign Corrupt Practices Act.

8        Would you like me to review with you the elements of

9   the offense, Mr. Martins?

10       MR. MARTINS:  No, Your Honor.

11       THE COURT:  Does the government wish the Court to

12  review the elements?

13       MR. GOPSTEIN:  Your Honor, I believe referencing

14  pages 2 through 3 which is in front of all of us is

15  sufficient.  Thank you.

16       THE COURT:  Mr. Martins, did you and the board

17  review the elements of the offense as specified in the plea

18  agreement?

19       MR. MARTINS:  Yes, Your Honor.

20       THE COURT:  And did you discuss those elements with

21  your attorney, the attorney for the defendant?

22       MR. MARTINS:  Yes, Your Honor.

23       THE COURT:  And do you and the board understand the

24  elements of the crime to which the defendant seeks to plead

25  guilty?

16

1      MR. MARTINS:  Yes, Your Honor.

2      THE COURT:  I am now going to tell you about the

3  possible penalties for the crime to which defendant will be

4  pleading guilty.

5      The parties agree that the gross pecuniary gain

6  resulting from the offense is $178,122,935.  The maximum

7  possible fine based on that gain is twice the gross gain which

8  is $356,245,870.  Defendant also faces five years of

9  probation.

10      Is there any restitution here, Counsel?

11      MR. GOPSTEIN:  No, Your Honor.

12      THE COURT:  And the defendant faces a special

13  assessment of $400.

14      Mr. Martins, does defendant understand those

15  possible consequences of its plea?

16      MR. MARTINS:  Yes, Your Honor.

17      THE COURT:  Under the Sentencing Reform Act of 1984,

18  the United States Sentencing Commission issued guidelines for

19  judges to follow in determining the sentence in a criminal

20  case.  These guidelines are advisory and ordinarily, I would

21  consider them along with the particular facts and

22  circumstances of your case and you, meaning the defendant, and

23  all of the sentencing factors set forth in the federal statute

24  18 U.S.C. Section 3553(a) in determining the appropriate

25  sentence.

CMH      OCR      RMR      CRR      FCRR

17

1          Have you and the board discussed with the attorneys

2   how the advisory sentencing guidelines might apply to your

3   case, Mr. Martins?

4          MR. MARTINS:  Yes, Your Honor.

5          THE COURT:  According to the plea agreement and,

6   Mr. Gopstein, why don't you tell me what the specific advisory

7   guideline range is.  I believe it's contained in paragraph 21

8   of the plea agreement.

9          MR. GOPSTEIN:  It is, Your Honor.  If I may just

10  turn it over to my colleague Mr. Harper who is going to handle

11  the guidelines and sentencing.

12         THE COURT:  Sure.

13         Mr. Harper?

14         MR. HARPER:  Good morning, Your Honor.

15         THE COURT:  God morning.

16         MR. HARPER:  As indicated in paragraph 21 of the

17  plea agreement --

18         THE COURT:  Can you speak up a little louder?

19         Can you speak a little louder, Mr. Harper?

20         MR. HARPER:  Yes, Your Honor.

21         As indicated in paragraph 21 of the plea agreement,

22  the Fraud Section and the Office and the company agree that

23  the application of the United States Sentencing Guidelines is

24  as follows.

25         The total offense level is 44.  That is calculated

18

1    based on the fact that the base offense level for this

2    violation is 12 and given the fact that multiple bribes were

3    paid in furtherance of this conspiracy and the amount of bribe

4    payments paid exceeded $150 million and the conspiracy

5    included high level government officials, pursuant to the

6    guidelines, the total offense level is 44.

7              The culpability score is 8.  That is calculated

8    based on the fact that the base score here is 5.

9    J&F Investimentos has 5,000 or more employees.  It is

10   cooperating and accepting responsibility for its conduct.

11   Pursuant to the guidelines, that results in a culpability

12   score of 8.

13             The guidelines fine range here is calculated based

14   on a base fine of $178,122,935.  The multiplier in this

15   instance, the low end is 1.6, the high end is 3.2, which

16   calculates to a total fine range of $284,996,696 to a maximum

17   fine of $569,993,392.

18             THE COURT:  Thank you, Mr. Harper.

19             Now, Mr. Martins, because of the nature of the plea,

20   if I accept your guilty plea pursuant to the plea agreement, I

21   will not apply the sentencing guidelines in determining your

22   sentence.

23             Pursuant to paragraph 22 of the agreement with the

24   government, both you and the government have agreed pursuant

25   to Rule B of the Federal Rules of Criminal Procedure that a

1  total penalty or fine of $256,497,026 is an appropriate

2  sentence.

3          MR. MARTINS:  Yes, Your Honor.

4          THE COURT:  As the agreement acknowledges, this

5  agreed upon sentence is 10 percent less than the bottom of the

6  applicable advisory guidelines.  If I accept your guilty plea,

7  I must impose the agreed upon sentence.

8               Do you understand, however, Mr. Martins, that if I

9  choose not to follow the terms of this agreement relating to

10  the sentence of defendant, that I will give the defendant an

11  opportunity to withdraw its guilty plea.  If defendant chooses

12  to withdraw its guilty plea, it can proceed to trial as it

13  would have had it not chosen to plead guilty, however, if

14  defendant chooses not to withdraw its guilty plea, I may then

15  impose a more severe sentence than provided for in the plea

16  agreement.  In other words, I would not be bound by the terms

17  of the plea agreement relating to defendant's sentence.

18               Do you understand?

19          MR. MARTINS:  Yes, Your Honor.

20          THE COURT:  The defendant can waive its right to

21  appeal.  Does the defendant understand that under some

22  circumstances, it or the government may have the right to

23  appeal any sentence that I impose, Mr. Martins?

24          MR. MARTINS:  Yes, Your Honor.

25          THE COURT:  But by entering into this agreement with

20

1    the government, the defendant has waived its right to appeal

2    or otherwise challenge its conviction or sentence in this

3    case.  Does the defendant understand that?

4            MR. MARTINS:  Yes, we understand, Your Honor.

5            THE COURT:  Now, there are a number of other waivers

6    in the agreement including waiving the right pursuant to

7    Rule 11(f) of the Federal Rules of Criminal Procedure and the

8    Federal Rules of Evidence 410.

9            You have also agreed to cooperate with the

10   government.  You also have an obligation to report evidence of

11   allegations of conduct that may be a violation of the FCPA

12   anti-bribery provision and you have also agreed to other

13   reporting requirements as set forth in attachment D to the

14   plea agreement.

15           Would the government like for the Court to review

16   any other provisions of the agreement?

17           MR. GOPSTEIN:  No, Your Honor.  I believe that

18   covers the main obligations under the agreement.  Thank you.

19           THE COURT:  Mr. Martins, do you have any questions

20   about the rights that the defendant is giving up, the

21   punishment that the defendant faces --

22           MR. MARTINS:  No, Your Honor.

23           THE COURT:  -- the plea agreement, the nature of the

24   charges, the charge, rather, or anything else relating to this

25   matter?

1          MR. MARTINS:  No, Your Honor.

2          THE COURT:  Are you prepared to plead guilty on

3    behalf of the defendant?

4          MR. MARTINS:  Yes, Your Honor.

5          THE COURT:  Mr. O'Neil, do you know of any reason

6    your client should not plead guilty at this time?

7          MR. O'NEIL:  I don't, Your Honor.

8          THE COURT:  As a reminder, Mr. Martins, the elements

9    of the offense is set forth in pages 2 through 3 of the plea

10   agreement.

11         What is the defendant's plea to the sole count of

12   the information charging it with conspiracy to violate the

13   anti-bribery provisions of the Foreign Corrupt Practices Act,

14   guilty or not guilty?

15         MR. MARTINS:  Guilty.

16         THE COURT:  Is the defendant making this plea of

17   guilty voluntarily and of its own free will?

18         MR. MARTINS:  Yes, Your Honor.

19         THE COURT:  Has anyone threatened or forced the

20   defendant to plead guilty?

21         MR. MARTINS:  No, Your Honor.

22         THE COURT:  Other than the agreement with the

23   government, has anyone made any promise that has caused

24   defendant to plead guilty?

25         MR. MARTINS:  No, Your Honor.

1          THE COURT:  Other than as agreed to in the

2     agreement, has anyone made any promise as to what the sentence

3     will be?

4          MR. MARTINS:  No, Your Honor.

5          THE COURT:  I need to determine that there is a

6     factual basis for the plea so Mr. Martins will have to tell me

7     what the defendant did to make it guilty of the charge in the

8     information.

9          Counsel, have the parties discussed how to proceed

10    with the factual allocution?

11         MR. O'NEIL:  We have, Your Honor.  Mr. Martins has a

12    statement he can make to the court.

13         THE COURT:  Okay.  Please proceed, Mr. Martins.

14         MR. MARTINS:  Your Honor, in or about and between

15    2005 and 2017, JMF, together with others, knowingly and

16    willfully, willfully agreed to violate the FCPA by corruptly

17    promising and paying bribes, bribes that it understood were to

18    and for the benefit of foreign officials in Brazil to secure

19    an improper advantage in order to retain and retain business

20    for J&F, especially to ensure that instrumentalities of the

21    Brazilian government would enter into financing and equity

22    transition, transactions and other transactions benefiting

23    J&F.

24         In connection with these bribes, J&F used a

25    financial institution based in the United States.  Some of,

1   some of the equity and financial transaction were used to

2   purchase assets in the United States and J&F through its

3   executives took, took acts in further, furtherance of this

4   chain while present in New York.

5          THE COURT:  Okay.  Now, I believe you said that

6   there were certain financial institutions in New York that

7   were utilized for purposes of committing the conspiracy.  Is

8   that correct?

9          MR. MARTINS:  Yes, Your Honor.

10         THE COURT:  And that several individuals on behalf

11  of defendant also purchased assets in the U.S., is that

12  correct?

13         MR. MARTINS:  Yes, Your Honor.

14         THE COURT:  And that some acts were done in

15  furtherance of the conspiracy within the United States, is

16  that correct?

17         MR. MARTINS:  Yes, Your Honor.

18         THE COURT:  I am going to ask the government with

19  regard to venue, can you tell me whether any of these acts

20  were committed in the Eastern District of New York or is the

21  defendant waiving venue?

22         MR. GOPSTEIN:  Yes, Your Honor.

23         With regard to venue, there was travel through the

24  Eastern District of New York to a number of meetings where

25  acts were taken in furtherance of the conspiracy.  In

1  addition, a number of the wires at issue traveled through the

2  Eastern District.  I would also add that venue is being waived

3  pursuant to the plea agreement but for the reasons stated,

4  there's sufficient venue in this case as well.

5          THE COURT:  And Mr. Gopstein, can you, in sum, tell

6  the Court what your evidence at trial would be if you were to

7  proceed to trial in this case, either you or Mr. Harper or

8  McFarlane.

9          MR. GOPSTEIN:  Yes, Your Honor.  If this case were

10  to proceed to trial, the government's evidence would include

11  e-mails which show J&F executives corresponding and

12  co-conspirators to carry out the scheme, bank records and

13  property showing the bribes, testimony of witnesses with

14  knowledge of the scheme and travel records which show travel

15  into the Eastern, through the Eastern District of New York in

16  furtherance of the scheme.

17          THE COURT:  Okay.  Mr. Martins, pursuant to the plea

18  agreement, you are waiving, the defendant is waiving venue, is

19  that correct?

20          MR. MARTINS:  Yes, Your Honor.

21          THE COURT:  Does either side believe the Court needs

22  to obtain additional information from Mr. Martins?

23          MR. GOPSTEIN:  Not from the government, Your Honor.

24          THE COURT:  Mr. O'Neil?

25          MR. O'NEIL:  Nor the defendant, Your Honor.

25

1      THE COURT:  Thank you.

2      Based on the information given to me both in writing

3 and in person, and the representations of Mr. Martins and

4 defense counsel as well as the government, I find that the

5 defendant J&F Investimentos SA is aware of the nature of the

6 charge and the consequence of its guilty plea and that the

7 plea of guilty is a knowing and voluntary plea and is

8 supported by an independent basis in fact containing the

9 essential elements of the offense.

10      I, therefore, accept the plea of guilty of the

11 defendant to the sole count of the information.

12      Now, I understand that the parties seek to waive the

13 preparation of a presentence report and to proceed immediately

14 to sentencing?

15      MR. GOPSTEIN:  That is correct, Your Honor.

16      THE COURT:  Ordinarily --

17      MR. O'NEIL:  Yes, Your Honor.

18      THE COURT:  -- I would go through a guidelines

19 analysis to determine what is an appropriate sentence, but

20 there is no need for me to do that in this case.  This is a

21 Rule 11(c)(1)(C) plea and having accepted the defendant's

22 guilty plea pursuant to the agreement, under Rule 11(c)(1)(C),

23 I am bound by the terms of the agreement with respect to the

24 sentence to be imposed to the extent provided for under the

25 agreement.

1          Does either side wish to be heard before I impose

2    sentence in this case?

3          MR. GOPSTEIN:  Not the government.  Thank you, Your

4    Honor.

5          MR. O'NEIL:  Nor the defendant, Your Honor.

6          THE COURT:  Does either side believe that I need to

7    engage with the 3553(a) factors in this case?

8          MR. O'NEIL:  No, Your Honor.

9          MR. GOPSTEIN:  No, Your Honor.

10         THE COURT:  Then I will proceed with imposing

11   sentence.

12         Pursuant to the plea agreement, I impose the

13   sentence provided for which is a fine as set forth in

14   paragraph 22 of $256,497,026.

15         Half of it, $128,248,513, is payable to the United

16   States.  $47 million is payable to the U.S. Treasury no later

17   than ten business days after entry of judgment.  The remaining

18   balance of $81,248,513 is payable within six months of the

19   entry of judgment.

20         The other half of the fine in the amount of

21   $128,248,513 is payable to the Brazilian authorities as a

22   criminal penalty pursuant to the Brazilian leniency agreement.

23         I am imposing a special assessment of $400 which

24   should be paid within ten days from today.

25         Is there anything else I need to impose, Counsel for

1  either side?

2       MR. O'NEIL:  No, Your Honor.

3       MR. GOPSTEIN:  No, Your Honor.  Thank you.

4       THE COURT:  Mr. Martins, on behalf of the defendant,

5  you can appeal the defendant's conviction if you believe that

6  the guilty plea was somehow unlawful or involuntary or if

7  there is some other fundamental defect in the proceedings that

8  was not waived by the defendant's guilty plea.

9       Under some circumstances, as I stated earlier, a

10  defendant also has the right to appeal its sentence, however,

11  a defendant may waive that right as part of a plea agreement

12  and here, the defendant has entered into a plea agreement

13  which waives its right to appeal or otherwise challenge its

14  conviction or sentence.  Such waivers are generally

15  enforceable but if you believe the waiver itself is not valid,

16  the defendant can present that theory to the appellate court.

17       Any notice of appeal must be filed within 14 days of

18  the filing of the entry of judgment or within 14 days of the

19  filing of a notice of appeal by the government.  If requested,

20  the Clerk will prepare and file a notice of appeal on behalf

21  of the company.  If the company for any reason cannot afford

22  to pay the cost of an appeal, it certainly can ask for

23  appellate counsel on appeal.

24       Is there anything else that needs to be resolved

25  today with regard to this matter?

28

1        MR. GOPSTEIN:  Not from the government.  Thank you,
2   Your Honor.
3        MR. O'NEIL:  Nor the defendant, Your Honor.
4        MR. MARTINS:  Nor the defendant.
5        THE COURT:  Then that concludes the proceedings
6   today and we are adjourned.
7        MR. O'NEIL:  Thank you, Your Honor.
8        THE COURT:  Have a good day, everyone.
9        MR. GOPSTEIN:  Thank you, Your Honor.
10        (Matter concluded.)
11
12
13
14
15
16            *    *    *    *    *
17
18   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
19
20    /s/ Charleane M. Heading          October 15, 2020
     _____      _____
21    CHARLEANE M. HEADING                  DATE
22
23
24
25

CMH      OCR      RMR      CRR      FCRR